■ CRAIG A. MILLER et al., Appellants-Respondents, v J. A. KEEFFE, P. C., Respondent-Appellant. (Action No. 1.) ROBERT J. ELSER & COMPANY, INC., et al., Appellants-Respondents, v J. A. KEEFFE et al., Respondents-Appellants. (Action No. 2.) [604 NYS2d 571] —In consolidated actions, *inter alia,* to recover damages for conversion, (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered December 23, 1991, as (a) granted those branches of the defendants' motion which were for dismissal of the causes of action to recover damages for fraud, tortious interference with contract, and prima facie tort, and (b) denied the plaintiffs' motion to dismiss the defendants' counterclaims to recover damages for malicious prosecution and abuse of process, and (2) the defendants cross-appeal, as limited by their brief, from so much of the same order as (a) permitted the plaintiffs to replead the cause of action to recover damages for breach of contract, and (b) denied those branches of their motion which were (i) to dismiss the remaining causes of action asserted in the complaint, (ii) to hold the plaintiffs in contempt of prior court orders, (iii) to enjoin the plaintiffs from instituting any further related actions, and (iv) for sanctions and attorneys' fees.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly dismissed the causes of action sounding in fraud, tortious interference with contract, and prima facie tort, as exceeding the scope of its prior orders granting the plaintiffs leave to replead, or as barred by laches, because the action was based upon transactions which occurred in 1987, and has been the subject of extensive motion practice. Furthermore, inasmuch as the Supreme Court directed the defendants to serve a new answer in response to the plaintiffs' amended pleading, and did not rule on the adequacy of the counterclaims pleaded in the original answer, this Court will not rule on the plaintiffs' argument that the counterclaims were not properly pleaded.

Finally, with respect to the defendants' cross appeal, the Supreme Court properly ruled that the causes of action to recover damages for conversion, replevin, and breach of contract were not barred by res judicata, collateral estoppel, or

any of the other numerous doctrines cited by the defendants. Accordingly, the Supreme Court properly exercised its discretion in rejecting the defendants' requests, *inter alia,* for equitable relief and an award of sanctions and attorneys' fees against the plaintiffs. Mangano, P. J., Balletta, Copertino and Joy, JJ., concur.